UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEAN PIERRE BOUTIN, | : | |
| | : | |
| Plaintiff, | : | Case No.: |
| | : | |
| vs. | : | |
| | : | |
| COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, | : | |
| | : | |
| Defendant. | : | December 7, 2021 |

Jury Trial Demanded

## COMPLAINT

Plaintiff Jean Pierre Boutin, by and through his attorneys, Sabatini and Associates, LLC, complaining of the defendant, respectfully alleges:

### PARTIES

1.      Plaintiff, Jean Pierre Boutin, is a Connecticut citizen.

2.      Defendant, Comcast Cable Communications Management, LLC, is a Delaware limited liability company with a principal place of business located at 1701 John F Kennedy Blvd 32nd Floor, Philadelphia, Pennsylvania 19103.

3.      At all times material, plaintiff is an employee within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

4.      At all times material, defendant is an employer within the meaning of Title VII.

5.      At all times material, plaintiff is an employee within the meaning of Connecticut's Fair Employment Practices Act (CFEPA).

6.      At all times material, defendant is an employer within the meaning of

1

Connecticut's Fair Employment Practices Act (CFEPA).

## JURISDICTION AND VENUE

7. The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

8. This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in the State of Connecticut.

9. The Court has pendent jurisdiction over the

## GENERAL ALLEGATIONS

10. Defendant employs plaintiff.

11. Plaintiff works for defendant at its facility located at 90 Phoenix Avenue, Enfield, Connecticut 06082.

12. Defendant hired plaintiff on or about April 23, 2015.

13. Plaintiff's job title is Retention Agent.

14. Plaintiff is qualified for the job.

15. Plaintiff's current supervisor is Alyissa Pringle.

16. Plaintiff's color is black.

17. Plaintiff's race is African-American.

18. Defendant employs Johnny Lopez.

19. Lopez is a supervisory employee.

20. Lopez supervised plaintiff for a period of time.

21. Lopez negatively evaluated plaintiff's job performance.

22. Lopez's negative evaluation caused plaintiff to be denied the standard 3% merit increase in pay.

23. Lopez stated that plaintiff failed to meet necessary milestones in order to receive the pay raise.

24. Complainant's job performance warranted the 3% pay raise.

25. Lopez verbally attacked Complainant – telling Complainant that his performance was "that of a newly hired employee" and "he didn't get what was so hard for me."

26. Lopez never offered suggestions to the Complainant on how to improve his performance.

27. Lopez played his son's rap recording in work one day and had the Complainant listen to his son rapping.

28. For about 6 minutes, plaintiff was subjected to Lopez's son rapping profanity and racial slurs including the "n word".

29. This rapping session was conducted during a supposed coaching session.

30. Plaintiff found it insulting, upsetting and offensive.

31. Lopez compared plaintiff's physical likeness to a serial rapist who had been terrorizing Springfield, Massachusetts.

32. Plaintiff reported the discrimination and harassment to defendant's upper management.

33. To date, defendant has failed to remedy the wrongfully denied 3% pay raise.

34. Defendant has made it difficult for the plaintiff to receive hardship schedule accommodation in response to COVID-19.

35. These difficulties have been motivated by retaliation for reporting the harassment and discrimination.

36. Plaintiff filed charges against defendant with the Equal Employment Opportunity Commission (EEOC) on or about June 19, 2020.

37. Plaintiff filed charges against defendant with the Connecticut Commission on Human Rights and Opportunities on or about June 19, 2020.

38. Plaintiff received a Right to Sue letter from the EEOC on October 6, 2021 (copy attached as Exhibit 1).

39. Plaintiff received a Release of Jurisdiction letter from the CHRO on September 9, 2021 (copy attached as Exhibit 1).

**FIRST COUNT**
**(Race Discrimination In Violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 cited as 42 U.S.C. §2000e(k))**

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

40. Defendant, by and through its agents and/or employees, violated Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 in one or more of the following ways.

    a. In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's race;

    b. In that defendant treated the plaintiff adversely different from similarly situated employees on the basis of race;

    c. In that defendant discriminated against the plaintiff on the basis of race in such a way that it adversely affected his status as an employee;

4

    d.     In that defendant denied plaintiff a wage increase because of his race;

    e.     In that defendant intentionally discriminated against the plaintiff on the basis of race.

41.     As a direct and proximate result of defendant's violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, plaintiff suffered harms and losses.

42.     As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his equal employment opportunities because of his race.

43.     As a further direct and proximate result of defendant's discrimination, plaintiff has been deprived of income, wages, and benefits.

44.     As a further result of defendant's discrimination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

45.     Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

### SECOND COUNT
**(Color Discrimination In Violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 cited as 42 U.S.C. §2000e(k))**

1.     Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

46. Defendant, by and through its agents and/or employees, violated Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 in one or more of the following ways.

    a. In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's color;

    b. In that defendant treated the plaintiff adversely different from similarly situated employees on the basis of color;

    c. In that defendant discriminated against the plaintiff on the basis of color in such a way that it adversely affected his status as an employee;

    d. In that defendant denied plaintiff a wage increase because of his color;

    e. In that defendant intentionally discriminated against the plaintiff on the basis of color.

47. As a direct and proximate result of defendant's violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, plaintiff suffered harms and losses.

48. As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his equal employment opportunities because of his color.

49. As a further direct and proximate result of defendant's discrimination, plaintiff has been deprived of income, wages, and benefits.

50. As a further result of defendant's discrimination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of

insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

51. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

### THIRD COUNT
**(Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et sq.)**

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

52. The acts and/or omissions of the defendant as described in this Complaint constitutes racial harassment within the meaning of Title VII of the Civil Rights Act of 1964.

53. Defendant, by and through its agents and/or employees violated Title VII of the Civil Rights Act of 1964 in one or more of the following ways:

54. The harassment as described in this Complaint had the purpose or effect of substantially interfering with plaintiff's work performance or creating an intimidating, hostile or offensive working environment.

55. The harassment was unwelcomed by the plaintiff.

56. As a direct and proximate result of defendant's harassment, plaintiff has sustained harms and losses.

57. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendants' unlawful conduct.

## FOURTH COUNT
## (Retaliation in Violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 cited as 42 U.S.C. §2000e(k))

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

58. Defendant, by and through its agents and/or employees, violated Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 by retaliating against the plaintiff for opposing race discrimination and harassment.

59. As a direct and proximate result of defendant's violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, plaintiff suffered harms and losses.

## FIFTH COUNT
## (Race Discrimination Violation of the Connecticut Fair Employment Practices Act C.G.S §46a-60(b)(1) *et seq.*)

1. Plaintiff repeats and re-alleges the general allegations set forth above as though fully set forth herein.

60. Defendant violated the Connecticut Fair Employment Practices Act in one or more of the following ways:

   a. In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's race.

   b. In that defendant treated plaintiff differently than similarly situated employees;

   c. In that defendant discriminated against the plaintiff on the basis of race in such a way that it adversely affected his status as an employee;

   d. In that defendant intentionally discriminated against the plaintiff.

61. As a direct and proximate result of defendant's violation of the Connecticut Fair Employment Practices Act, plaintiff suffered harms and losses.

62. As a direct and proximate result of defendant's unequal treatment, discrimination, and termination, plaintiff has been deprived of earnings and equal employment opportunities because of his race.

63. As a further result of defendant's discrimination, plaintiff has suffered severe humiliation, embarrassment, emotional distress, and harm to professional reputation.

64. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## SIXTH COUNT
### (Color Discrimination Violation of the Connecticut Fair Employment Practices Act C.G.S §46a-60(b)(1) *et seq.*)

1. Plaintiff repeats and re-alleges the general allegations set forth above as though fully set forth herein.

65. Defendant violated the Connecticut Fair Employment Practices Act in one or more of the following ways:

   a. In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's color.

   b. In that defendant treated plaintiff differently than similarly situated employees;

   c. In that defendant discriminated against the plaintiff on the basis of color in such a way that it adversely affected his status as an employee;

   d. In that defendant intentionally discriminated against the plaintiff.

66. As a direct and proximate result of defendant's violation of the Connecticut Fair Employment Practices Act, plaintiff suffered damages.

67. As a direct and proximate result of defendant's unequal treatment, discrimination, and termination, plaintiff has been deprived of work and equal employment opportunities because of his race.

68. As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income and wages, and has been deprived of access of certain benefits to which he was entitled under defendant's employee benefits plan, and interest.

69. As a further result of defendant's discrimination, plaintiff has suffered severe humiliation, embarrassment, emotional distress, and harm to professional reputation.

70. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## SEVENTH COUNT
**(Hostile Work Environment/Race Harassment In Violation of C.G.S. §46a-60(b)(1) et seq.)**

1. Plaintiff repeats the foregoing allegations as if the same were repeated herein.

71. Plaintiff was subjected to racial harassment in defendant's workplace in violation of C.G.S. §46a-60(b)(1) et seq.

72. The harassment was unwelcome.

73. The harassment was based on plaintiff's race.

74. Plaintiff subjectively, reasonably and objectively perceived his work environment to be hostile.

75. Defendant knew or should have known that the plaintiff was being harassed because of his race and unreasonably failed to stop the racial harassment.

76. As a direct and proximate result of the hostile work environment, plaintiff suffered harms and losses.

77. As a further result of defendant's sexual harassment, plaintiff has suffered severe humiliation, embarrassment, anxiety, worry, humiliation, degradation, shame, mental anguish, harm to personal reputation, harm to professional reputation and emotional distress.

78. Plaintiff has suffered and will continue to suffer injuries and losses as a result of the sexual harassment.

## EIGHTH COUNT
### (Retaliation in Violation of C.G.S. §46a-60(b)(4))

1. Plaintiff repeats the foregoing allegations as if the same were repeated herein.

79. Defendant, by and through its agents and/or employees, violated Connecticut's Fair Employment Practices Act (CFEPA) by retaliating against the plaintiff for opposing race discrimination and harassment.

80. As a direct and proximate result of defendant's violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, plaintiff suffered harms and losses.

## **DEMAND FOR RELIEF**

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, bonuses, personal days, lost pension/employee/retirement benefits, emotional distress; unpaid wages, consequential damages; post judgment interest; punitive damages; reasonable attorneys' fees; costs; interest; job reinstatement; prejudgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; punitive damages; for a trial by jury; and for all other just and proper relief.

DATE: December 7, 2021

_____
James V. Sabatini, Esq.
Fed. No.: CT 19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF

# EXHIBIT 1

EEOC Form 161 (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Jean P. Boutin
55 Whitman Street, Apt. 2
Chicopee, MA 01013

From: Boston Area Office
John F. Kennedy Fed Bldg
15 New Sudbury Street, Room 475
Boston, MA 02203

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2020-01185 | Amon L. Kinsey, Jr., Supervisory Investigator | (617) 865-3672 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☒ Other (briefly state)    **Charging Party is pursuing claims in another forum.**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*

Feng K. An,
Area Office Director

October 6, 2021
*(Date Issued)*

Enclosures(s)

cc:
COMCAST
1 Comcast Center
Philadelphia, PA 19103

James V. Sabatini, Esq.
SABATINI & ASSOC. LLC
One Market Square
Newington, CT 06111

# EXHIBIT 2

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Jean Pierre Boutin
**COMPLAINANT**

CHRO No. 2040398

vs.

EEOC No. 16A-2020-01185

Comcast
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

<u>The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.</u>

**DATE:** September 9, 2021

Tanya A. Hughes, Executive Director

Service:
Complainant's counsel: jsabatini@sabatinilaw.com
Respondent's counsel: David_brier@comcast.com