UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEAN PIERRE BOUTIN, | : | CIVIL ACTION NO. 3:21-cv-01630 (SVN) |
| | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC | : | |
| | : | |
| | : | |
| Defendant | : | OCTOBER 10, 2023 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE RE: DISMISSED CLAIMS, MEDICAL LEAVES, AND TERMINATION**

Defendant Comcast Cable Communications Management, LLC ("Comcast") respectfully moves *in limine* for the Court to preclude Plaintiff from introducing evidence concerning (1) his dismissed hostile work environment claims (to the extent such evidence does not also relate to his remaining race and/or color discrimination claims) and retaliation claims, (2) his medical leaves, and (3) his termination from employment with Comcast, which occurred on August 7, 2023.

**I.      RELEVANT BACKGROUND**

On June 22, 2020, Plaintiff, then a current employee, filed a charge against Comcast with the Connecticut Commission on Human Rights and Opportunities ("CHRO"), dual-filed with the U.S. Equal Employment Opportunity Commission, claiming race and color discrimination and retaliation. In terms of allegedly adverse employment actions, his charge focused on (1) his 2019 "Off Track" rating on his performance review and resulting raise, and (2) his 2020 request for a hardship schedule. On September 9, 2021, the CHRO released jurisdiction of the matter, finding "[t]he evidence in the file is insufficient to warrant further processing of the complaint by the Commission."

On December 7, 2021, Plaintiff filed a substantively identical Complaint in this matter. (See Doc. No. 1, Compl.) It consists of eight counts: (1) race discrimination in violation of Title VII of the Civil Rights Act ("Title VII"), (2) color discrimination in violation of Title VII, (3) hostile work environment in violation of Title VII, (4) retaliation in violation of Title VII, (5) race discrimination in violation of the Connecticut Fair Employment Practices Act ("CFEPA"), (6) color discrimination in violation of CFEPA, (7) hostile work environment in violation of CFEPA, and (8) retaliation in violation of CFEPA. (See id.)

On December 7, 2022, Comcast filed a motion for summary judgment on all claims. (See Doc. No. 36.) On July 17, 2023, the Court granted in part and denied in part Comcast's motion. (See Doc. No. 48.) Among other rulings, the Court dismissed Plaintiff's hostile work environment and retaliation claims. (See id.)

During his employment with Comcast, Plaintiff took certain medical leaves. On August 7, 2023, Plaintiff's employment was terminated.

## II. STANDARD OF REVIEW

Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. § 401. Irrelevant evidence is not admissible. Id. § 402. Moreover, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Id. § 403.

## III. ARGUMENT

All that remains for trial after the Court's ruling on Comcast's motion for summary judgment is Plaintiff's race and color discrimination claims over Plaintiff's "Off Track" rating for

2019 and resulting raise. The only issues for the jury to decide, ultimately, are (1) whether Plaintiff's "Off Track" rating for 2019 and resulting raise constitute an adverse employment action and, if so, (2) whether Comcast gave him that rating and raise because of his race and/or color. Evidence concerning the rap song and alleged serial rapist comment are only relevant to the extent Plaintiff may try to contend they show race and/or color animus motivated Lopez-Santos in his 2019 quarterly performance evaluations of Plaintiff. Accordingly, the Court should admit such evidence for that limited purpose (as uncompelling as that evidence may be for that purpose).

Moreover, as noted above, Plaintiff took certain medical leaves during his employment with Comcast and his employment was recently terminated. While Plaintiff's hours worked during the relevant time-period are relevant to the issue of damages, the reason(s) he may have been out of work have no bearing here, and could only go toward engendering sympathy from the jury. Furthermore, regardless of whether Plaintiff believes his termination was wrongful in some way, any such claim is not at issue in this lawsuit.[1] While the fact that Plaintiff's employment <u>ended</u> on August 7, 2023 may be relevant in consideration of potential damages, the facts and circumstances surrounding the termination are irrelevant. Even assuming the circumstances of his termination were relevant, they could only go toward confusing the issues for the jury. And allowing any such evidence would significantly expand the time necessary to try the case (on an adverse action not at issue in the case). Accordingly, the Court should preclude Plaintiff from offering any evidence concerning the facts and circumstances surrounding his termination, including the fact that Comcast terminated his employment (as opposed to his having quit). The jury need only know his employment <u>ended</u> on August 7, 2023.

---

[1] Notably, Plaintiff has not exhausted administrative remedies with respect to such a claim and there (obviously) has been no discovery on such a claim.

IV.     **CONCLUSION**

For the foregoing reasons, Comcast respectfully requests that the Court grant its motion *in limine* and preclude Plaintiff from introducing evidence concerning (1) his dismissed hostile work environment claims (to the extent such evidence does not also relate to his remaining race and/or color discrimination claims) and retaliation claims, (2) his medical leaves, and (3) his termination from employment with Comcast, which occurred on August 7, 2023.

        DEFENDANT
        COMCAST CABLE COMMUNICATIONS
        MANAGEMENT, LLC

        By its attorneys,

        _/s/ Jeffrey A. Fritz_
        Jeffrey A. Fritz, ct26667
        FISHER & PHILLIPS LLP
        200 State Street, 7th Floor
        Boston, Massachusetts 02109
        (617) 722-0044
        *jfritz@fisherphillips.com*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

        _/s/ Jeffrey A. Fritz_
        Jeffrey A. Fritz